UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                                     )
RODNEI DE ASSIS DA SILVA, GABRIEL MENDES,   )
VALDINELIO CAMILO SANTAMA, and EDWARD   )
FIALHO, on behalf                                                  )
of themselves and all others similarly situated,        )
                                                                     )
                         Plaintiffs,                    )  No. 1:23-cv-10743
                                                                     )
                  v.                                          )  **JURY DEMANDED**
                                                                     )
VOLTECH ELECTRIC, INC, and                        )
MARCELO ARAUJO,                                        )
                                                                     )
                         Defendants        )
_____)

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**I.   INTRODUCTION**

1.    Plaintiffs Rodnei de Asses da Silva, Gabriel Mendes, Valdinelio Camilo Santama, and Edward Fialho bring this action on their own behalves and on behalf of other similarly situated employees of Voltech Electric, Inc ("Voltech"), which is owned and operated by Marcelo Araujo (together, "Defendants"). Plaintiffs and similarly situated employees have worked for Defendants performing electric work at commercial and residential locations in Massachusetts and in other parts of the United States. These employees, many of whom are immigrants to the United States and who speak limited English, routinely work more than forty hours per week, but Defendants failed to pay them a full overtime premium of one-and-one-half times their regular hourly rate as required under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, and the

1

Massachusetts overtime statute, Mass. Gen. Laws. c. 151, § 1A, *et seq.* Moreover, Defendants failed to pay Plaintiffs prevailing wages for work performed on public works projects as required under Mass. Gen. Laws. c. 149, § 26. Finally, Defendants also unlawfully made deductions from Plaintiffs' wages for things such as tools that Plaintiffs used to perform their work duties. Plaintiffs seeks compensation on their own behalves and on behalf of all those similarly situated, for lost wages, treble damages, liquidated damages, attorneys' fees and costs, pre- and post-judgment interest, and any other relief that the Court deems proper.

## II. **PARTIES**

2.  Plaintiff Rodnei de Assis da Silva is an adult resident of Hudson, Massachusetts. He was employed by Defendants from approximately August 2018 until March 2023 performing electrical work.

3.  Plaintiff Gabriel Mendes is an adult resident of Framingham, Massachusetts. He was employed by Defendants from approximately June 2022 until March 2023 performing electrical work.

4.  Plaintiff Valdinelio Camilo Santama is an adult resident of Marlborough, Massachusetts. He was employed by Defendants from approximately October 2018 until December 2022 performing electrical work.

5.  Plaintiff Edward Fialho is an adult resident of Framingham, Massachusetts. He was employed by Defendants from approximately August 2021 until July 2022 performing electrical work.

6.  Plaintiffs brings this action on behalf of themselves, and all others similarly situated, namely other individuals who have worked for Defendants during the statutory

period and who worked more than forty hours per week. Plaintiffs bring this action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), on behalf of similarly situated individuals from around the country who may choose to "opt in" to this case, as well as an "opt-out" class action on behalf of similarly situated individuals who have performed work in Massachusetts and suffered the violations described herein, pursuant to Mass. Gen. L. c. 151 § 1B, which permits an individual to file suit on behalf of "others similarly situated."

7. Defendant Voltech is a corporation incorporated under the laws of Massachusetts with its principal place of business in Framingham, Massachusetts. Voltech employs individuals, including Plaintiffs, who perform work in the Commonwealth of Massachusetts and at other locations across the United States.

8. Defendant Marcelo Araujo (hereinafter "Araujo") is the President and Owner of Voltech. He is a resident of Framingham, Massachusetts.

### III. **JURISDICTION AND VENUE**

9. This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

10. Venue is proper in this Court because Plaintiffs and Defendants are residents of Massachusetts and Plaintiffs and other employees were employed by Defendants in Massachusetts.

### IV. **STATEMENT OF FACTS**

11. Voltech provides "electrical contracting services" for commercial, industrial, and residential properties.

12. Araujo is the Owner and President of Voltech, and in those capacities manages the daily operations of Voltech, including interacting with Plaintiffs directly, supervising project contracts, scheduling, hiring and firing, and generally managing Voltech.

13. In doing so, Defendants directly employ dozens of electricians who travel in company vehicles while wearing company uniforms from Defendants' offices to worksites to perform a variety of electrical work, including but not limited to wiring, panel upgrades, generator installations, lighting installation.

14. Plaintiffs were directly employed by Defendants to perform a variety of these electrical work services at commercial, industrial, and residential worksites across the Eastern and Mid-Western United States.

15. Plaintiffs and other employees of Defendants routinely worked more than forty hours per week.

16. Upon information and belief, Plaintiffs routinely provided electric services work at public worksites, including but not limited to public schools, public hospitals, and government funded apartment projects in Massachusetts.

17. Plaintiffs would travel from Defendants' offices to their worksites in company cars and stay overnight at hotels for days or even weeks until a project was finished.

18. Plaintiffs were paid flat wages of between $15 and $22 per hour for all hours worked, varying depending on experience, supervisory responsibilities, and whether they worked a day or overnight shift.

19. For example, Rodnei de Assis da Silva earned $16 per hour when he started. He then earned $16 in 2019; $21 in 2020; then $22 until his last day.

20. Gabriel Mendes earned between $15 per hour.

21. Valdinelio Camilo Santama earned between $15 and 18 per hour.

22. Edward Fialho earned $16 per hour.

23. Plaintiffs were additionally paid $20 per day for each night they would stay at a remote worksite.

24. Plaintiffs were sometimes paid a secondary wage, usually $5 per hour more, whenever they worked overnight shifts. For example, Gabriel Mendes occasionally worked an overnight shift from 6pm-6am and was paid $20 per hour. This secondary wage applied only for overnight shifts, and applied regardless of the overall amount of hours that an employee worked during the week.

25. Plaintiffs regularly worked over 40 hours per week, occasionally reaching upwards of 90 hours per week.

26. However, on those weeks, Defendants failed to pay Plaintiffs time and a half their regular and secondary wages for hours worked in excess of 40 per week.

27. As a result of Defendants' illegal and improper calculation of their employees' overtime wages, Plaintiffs and other employees suffered thousands of dollars in damages.

28. When Plaintiffs performed work for Defendants at public works project sites, Defendants failed to pay the prevailing wage that Plaintiffs were lawfully owed. For example, Plaintiffs performed electric services work at several public schools, public

hospitals, and government funded residential buildings in Massachusetts, but were never paid prevailing wages for that work.

29. Defendants also required Plaintiffs to pay for their own tools by regularly deducting between $50-100 per pay check. These deductions amounted to between $600-$800 per plaintiff.

30. Plaintiffs are similarly situated to other employees who worked more than forty hours per week and did not receive proper overtime and other wages as described above. There is a group of similarly situated employees who were subject to Defendants' common policies regarding the calculation of overtime and other wages who are entitled to notice of this action under 29 U.S.C. § 216(b).

## V. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

31. Pursuant to state law requirements set forth in Massachusetts General Law Chapter 149, § 150, Plaintiffs have filed their claims with the Office of the Attorney General and have received a right-to-sue letter in order to proceed on their claims in court.

## COUNT I

### (FLSA Overtime Claim)

32. This Count arises from Defendants' violations of the FLSA, 29 U.S.C. § 207, for Defendants' failure to pay Plaintiffs and similarly situated employees the proper overtime rate for all hours worked in excess of forty (40) per workweek.

33. Defendants is an "employer" for purposes of the FLSA, 29 U.S.C. § 203(s), because, on information and belief, Defendants has annual gross sales or business of at least $500,000 and has employees engaged in interstate commerce.

6

34. Plaintiffs regularly worked more than forty hours per week, and Defendants failed to pay them at the overtime rate required under the FLSA.

35. Defendants' violations of the overtime requirements of the FLSA were willful, since their conduct shows that they either knew that their conduct violated the FLSA or showed reckless disregard for whether their actions complied with the FLSA.

36. The Count is brought under 29 U.S.C. § 216(b) on behalf of all of Defendants' employees who worked more than forty hours per week in any week during the past three years who may choose to "opt-in" to this case.

## COUNT II

### (Massachusetts Overtime Claim)

37. By failing to pay Plaintiffs the proper overtime rate for hours worked in excess of forty per week, Defendants violated Mass. Gen. L. c. 151 § 1A.  This claim is brought pursuant to Mass. Gen. L. c. 151 § 1B.

## COUNT III

### (Prevailing Wage Claim)

38. By failing to pay Plaintiffs the applicable prevailing wage rate for work performed on public works projects, Defendants violated Mass. Gen. L. c 149 § 27. This claim is brought pursuant to Mass. Gen. L. c 149, §27.

## COUNT IV

### (Unlawful Deductions Claim)

39. By deducting from Plaintiffs' wages for the costs of tools used to perform their work duties, Defendants violated Mass. Gen. L. c 149 § 148. This claim is brought pursuant to Mass. Gen. L. c 149, §150.

## JURY DEMAND

Plaintiffs requests a trial by jury on their claims.

WHEREFORE, Plaintiffs requests that this Court enter the following relief:

1. Certification as a collective action under the FLSA and issuance of notice to similarly situated employees so that they may "opt in" to this case;

2. Certification as a class action for employees who have been subject to the violations described herein who worked in Massachusetts;

3. An award of damages for all wages that are due to the named Plaintiffs and all class members and collective action members;

4. Liquidated damages under the FLSA;

5. Trebling of damages under Massachusetts law;

6. Pre-judgment and post-judgment interest;

7. Attorneys' fees and costs; and

8. Any other relief to which the named Plaintiffs and similarly situated employees may be entitled.

Respectfully submitted,

RODNEI DE ASSIS DA SILVA, GABRIEL MENDES, VALDINELIO CAMILO SANTAMA, and EDWARD FIALHO, on behalf of themselves and all others similarly situated,

By their attorneys,

_/s/ Harold Lichten_
Harold Lichten, BBO #549689
Matthew Thomson, BBO #682745
LICHTEN & LISS-RIORDAN, P.C. 729
Boylston St., Ste. 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
hlichten@llrlaw.com
mthomson@llrlaw.com

Dated: April 6, 2023